**ANDERSON BANTA CLARKSON** PLLC
48 NORTH MACDONALD
MESA, ARIZONA 85201
TELEPHONE (480) 788-3053

Adam C. Anderson/024314
Attorney for KIRA SEMANAS

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

**PRESCOTT DIVISION**

| | |
|---|---|
| KIRA SEMANAS, | Case No.: |
| Plaintiff, | **COMPLAINT AND JURY DEMAND** |
| vs. | |
| CENTRAL CREDITORS OF FLAGSTAFF, | |
| Defendant, | |

NOW COMES the plaintiff, KIRA SEMANAS, by and through her attorneys, ANDERSON BANTA CLARKSON PLLC, and for her Complaint against the defendant, CENTRAL CREDITORS OF FLAGSTAFF, the plaintiff states as follows:

## I.   PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

## II.   JURISDICTION & VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III.  PARTIES

4. KIRA SEMANAS, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Flagstaff, County of Coconino, State of Arizona.

5. The debt that Plaintiff was allegedly obligated to pay was a debt allegedly owed by Plaintiff to Northern AZ Healthcare (hereinafter, "the Debt").

6. The Debt was for a medical bill which was for the personal use of Plaintiff and/or used for household expenditure.

7. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

8. CENTRAL CREDITORS OF FLAGSTAFF, (HEREINAFTER, "DEFENDANT") is a business entity engaged in the collection of debt within the State of Arizona. Defendant's principal place of business is located in the State of Arizona.

9. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

10. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

11. During the course of its efforts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence via the

mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

12. At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

13. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## IV. ALLEGATIONS

14. Starting in about 2011, Plaintiff began paying Defendant for the aforesaid debt in small monthly increments.

15. The aforesaid Debt was incurred in 2009, but was sent to Defendant for collections after non-payment in 2010.

16. In December of 2016 Plaintiff received a message from a person that identified herself as a representative of Defendant, and in that call she was advised that her account was closed and her payments were no longer necessary.

17. Upon receiving the aforesaid message, Plaintiff called Defendant and spoke to a representative to find out if the information about her account being closed was true.

18. Plaintiff was then and there advised that it was not true, her account was open, and she must still pay the account.

19. During the aforesaid conversation, Defendant informed Plaintiff that Defendant would report the Debt to Experian Information Solutions, LLC, a credit reporting agency as that term is defined by 15 U.S.C. §16891a(4).

20. Defendant then and there stated to Plaintiff that the debt can and will continue to be reported for up to seven (7) years from the date she last made a payment on the account.

21. Defendant's statement, as delineated above, had the effect of conveying to an unsophisticated consumer that at the time of the representation, that the debt will remain on her credit report for up to seven (7) years from December of 2016, when she last made an installment payment to Defendant.

22. Based on Defendant's representations, as delineated above, Plaintiff believed that if she did not pay the Debt, Defendant would report the debt to one or more consumer reporting agencies for seven more years from the present time.

23. Based on Defendant's representations as delineated above, Plaintiff believed that if she did not pay the Debt, the non-payment of said debt would have a detrimental effect on her credit score.

24. Pursuant to 15 U.S.C. § 1681c(a)(4), a consumer reporting agency is precluded from making a consumer report containing "[a]ccounts placed for collection or charged to profit and loss which antedate the report by more than seven years."

25. Pursuant to 15 U.S.C. § 1681c(b), the following debts are exempted from the seven (7) year limitation period for the reporting of accounts placed for collection or charged to profit and loss that antedate the report by more than seven (7) years:

    i. A credit transaction involving, or which may reasonably be expected to involve, a principal amount of $150,000 or more;

    ii. The underwriting of life insurance involving, or which reasonably be expected to involve, a face amount of $150,000 or more; or

      iii.   The employment of any individual at an annual salary which equals, or may reasonably be expected to equal $75,000, or more.

26.    The debt on which Defendant was attempting to collect from Plaintiff was for a credit transaction for less than a principal amount of $150,000.

27.    The debt on which Defendant was attempting to collect from Plaintiff was not relative to a life insurance policy.

28.    The debt on which Defendant was attempting to collect from Plaintiff was not relative to employment.

29.    The debt on which Defendant was attempting to collect from Plaintiff was not a debt that falls within any of the aforementioned categories such that it would be exempted from the seven (7) year limitation period for the reporting of accounts placed for collection or charged to profit and loss that antedate the report by more than seven (7) years.

30.    At the time Defendant made the aforementioned representations, i.e., that it would report the Debt to the credit reporting agencies, the account relative to the debt on which Defendant was attempting to collect had been in collections and delinquent for nearly seven (7) years.

31.    Defendant's representations, as delineated above, were false, deceptive, and/or misleading given that even if Defendant reported the Debt to the consumer reporting agencies, said information would be unlikely to appear on Plaintiff's credit report as the consumer reporting agencies would be precluded from making any credit reports including information about said debt.

32. Defendant's representations, as delineated above, were unfair and unconscionable as the threat to report the Debt to the consumer reporting agencies was a hollow threat made only to intimidate Plaintiff into making payment against said debt.

33. Defendant's representation, as delineated above, were statements made, the natural consequence of which was to harass and/or abuse the Plaintiff.

34. During the course of its telephone calls with Plaintiff, Defendant failed to advise Plaintiff that it was a debt collector, that it was attempting to collect a debt and that any information obtained would be used for that purpose.

35. In its attempts to collect the debt allegedly owed by Plaintiff to Northern AZ Healthcare, Defendant violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

   a. Used false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. §1692e;

   b. Communicated or threatened to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed in violation of 15 U.S.C. §1692e(8);

   c. Failed to disclose in communications that said communication was from a debt collector and that any information obtained during the communication will be used for the purpose of collecting a debt in violation of 15 U.S.C. §1692e(11);

   d. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

36. As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

### V. JURY DEMAND

37. Plaintiff hereby demands a trial by jury on all issues so triable.

### VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, KIRA SEMANAS, by and through her attorneys, respectfully prays for Judgment to be entered in favor of Plaintiff and against Defendant as follows:

    a. All actual compensatory damages suffered;

    b. Statutory damages of $1,000.00;

    c. Plaintiff's attorneys' fees and costs;

    d. Any other relief deemed appropriate by this Honorable Court.

**ANDERSON BANTA CLARKSON PLLC**

By_____
Adam C. Anderson
48 North MacDonald Street
Mesa, AZ  85201
Attorney for KIRA SEMANAS